Filed 7/9/26  P. v. Sanchez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANIEL SANCHEZ,<br><br>    Defendant and Appellant. | F090133, F090139<br><br>(Super. Ct. Nos. F20908078 & M24912794)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Stephanie L. Negin, Judge.

Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Meehan, J. and DeSantos, J.

# INTRODUCTION

In 2025, appellant Daniel Sanchez entered changes of plea that resolved two criminal cases. The first was from a 2020 traffic collision that caused injury. Appellant pleaded no contest to driving with a blood-alcohol content of 0.08 percent or higher and to causing injury. (Veh. Code, §§ 23153, subd. (b), 23566, subd. (a).)[1] He also admitted a prior strike conviction and two or more priors of driving under the influence (DUI). In the second case, arising from a 2024 arrest for DUI, appellant pleaded no contest to felony driving with a blood-alcohol content of 0.08 percent or higher with a qualifying prior conviction within the previous 10 years. (§§ 23152, subd. (b), 23550.5, subd. (a).). He also admitted a prior strike conviction.

For the 2020 DUI causing injury, the court imposed the low term of two years, which was doubled from the prior strike conviction. For the 2024 felony DUI conviction, the court imposed a consecutive subordinate term of one year four months. The total sentence complied with the parties' negotiated plea agreements.

Appellant appealed in both cases, which were consolidated in this court. After consolidation occurred, appellant's counsel filed a *Wende*[2] brief, asking us to conduct an independent review of the respective records. After reviewing the records, we agree that no arguable issues exist which warrant further briefing. We affirm.

# BACKGROUND

Prior to the sentencing in the two criminal cases, the trial court denied appellant's *Romero*[3] motion to dismiss the strike prior. Appellant's prior felony strike conviction occurred in 1999, and was an assault with a deadly weapon (Pen. Code, § 245,

---

[1]    All future statutory references are to the Vehicle Code unless otherwise noted.

[2]    *People v. Wende* (1979) 25 Cal.3d 436.

[3]    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

subd. (a)(1)).  When declining to strike that prior strike, the trial court noted its extreme age, but also noted that appellant had a consistent criminal history from that time, including multiple DUIs leading up to the present charges—in addition to other misdemeanor convictions—and multiple violations of his terms of probation.

In April 2026, we notified appellant of his right to file a supplemental brief on his own behalf stating any grounds that he wanted this court to consider.  Appellant did not file a response.

## DISCUSSION

Pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106, 110, we have reviewed the consolidated records.  We have examined the procedural history, the evidence underlying the negotiated plea agreements, and the sentencing proceedings.

We discern no abuse of discretion regarding the trial court's ruling that it was not appropriate to strike appellant's prior strike conviction.  (See *People v. Carmony* (2004) 33 Cal.4th 367, 375 [abuse of discretion standard].)  Appellant's current convictions involve two separate felony DUI matters, one of which caused injury.  Appellant's criminal history reflects repeated DUI-related and driving-related offenses and multiple violations of probation, in addition to the prior strike conviction from 1999.  Although the prior strike is very old, this record does not show an arguable basis to conclude that appellant fell outside the spirit of the "Three Strikes" law.  Nothing in this record suggests the court misunderstood the scope of its discretion, relied on improper factors, or reached an irrational or arbitrary decision.

Likewise, the sentence imposed presents no arguable issue.  The total sentence of five years four months complied with the parties' negotiated agreements.  Nothing in the records suggest the imposed sentence was unauthorized.  The record reflects that the trial court understood and properly exercised its sentencing discretion.

Having reviewed the change of plea proceedings, the probation report, the *Romero* request, and the sentencing proceedings, we find no arguable issue warranting further

briefing.  The convictions were entered pursuant to appellant's negotiated changes of plea, the sentence imposed was consistent with the parties' agreement, and the record does not reveal any abuse of discretion or unauthorized sentence.

## **DISPOSITION**

The judgment is affirmed.